**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4601-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDELBARTO PADILLA, a/k/a LEO DEL
MONTE, LEO DELMONTE, ERIC CORTEZ,
RAUL HERNANDEZ, HERBERTO PADILLA,
MICHAEL LANDON, ERICKSON PAZ,
ERICSON PAZARIELO, ERICSON PZARIELO,
MICHAEL L. PAZARIELO, ERIC SANTANA,
MICHAEL LAURARA, LEO DELEON,
and LEO DEMICH,

    Defendant-Appellant.

_____

Submitted September 12, 2018 – Decided September 26, 2018

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 08-01-0114.

Joseph E. Krakora, Public Defender, attorney for appellant (William P. Welaj, Designated Counsel, on the brief).

Theodore Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Edelbarto Padilla appeals from a May 4, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Following a jury trial, defendant was convicted of murder and weapons-related offenses involving the shooting death of a patron at the Ugha Ugha Social Club, an after-hours bar in Newark. State v. Padilla, No. A-2446-13 (App. Div. Apr. 7, 2016) (slip op. at 2).[1] The trial judge sentenced defendant to an aggregate fifty-year prison term, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Id. On direct appeal, we affirmed defendant's conviction and sentence. Id. at 14, 17. The Supreme Court denied defendant's petition for certification. 227 N.J. 133 (2016).

---

[1] Although citing an unpublished opinion is generally forbidden, we do so here to provide a full understanding of the issues presented and pursuant to the exception in Rule 1:36-3 that permits citation "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." See Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J. Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015).

A-4601-16T4

Defendant filed a timely pro se PCR petition alleging various claims of ineffective assistance of trial and appellate counsel. The court appointed PCR counsel who asserted most of the same claims. In addition, during oral argument, PCR counsel raised a new claim that trial counsel did not permit defendant to testify at trial. After hearing oral argument, the PCR judge denied defendant's petition in a well-reasoned written opinion. The judge did not address the claim first raised during oral argument. This appeal followed.

On appeal, defendant presents the following points for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL SINCE COUNSEL WOULD NOT LET HIM TESTIFY DESPITE HIS DESIRE TO DO SO.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION

FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO UTILIZE NUMEROUS CONTRADICTIONS AND INCONSISTENCIES WITH RESPECT TO THE TESTIMONY ELICITED FROM THE VARIOUS STATE'S WITNESSES TO ESTABLISH A REASONABLE DOUBT IN THE STATE'S CASE AGAINST HIM.

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Pursuant to Rule 3:22-2(a), a criminal defendant is entitled to [PCR] if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]"

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must prove counsel's performance was deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing

4

a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, petitioner must establish that counsel's performance was deficient and petitioner suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

Further, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See Preciose, 129 N.J. at 462. We review any legal conclusions of the trial court de novo. State v. Nash, 212 N.J. 518, 540-41 (2013); State v. Harris, 181 N.J. 391, 419 (2004).

We incorporate by reference the facts and procedural history set forth in our prior unpublished opinion. Padilla, slip. op. at 3-5. Pertinent to this appeal,

5

the State's witnesses at trial included Elida Melendez-Rodriguez,[2] Mauricio Luque and Antonio Fernando Alfonso, who positively identified defendant as the shooter. Newark Police Officers, including lead detective, Michael DeMaio, also testified. Defendant did not testify or call any witnesses at trial.

To support his renewed claim that trial counsel failed to effectively argue in summation that the testimony of each witness was inconsistent and contrary to one another, defendant cites assorted references in the trial record. For example, Melendez's description of the shooter varied in height and complexion in the accounts she gave to law enforcement, and she was unable to identify defendant as the shooter in a prior proceeding. While Alfonso claimed he suffered a head wound, he did not file a complaint against defendant nor did DeMaio observe the wound during his interview of Alfonso the following day. At trial, Alfonso also denied making several statements to DeMaio, including that he saw Luque's car outside the bar after the shooting. Both Luque and Alfonso also acknowledged they had prior convictions.

Conspicuously absent from defendant's citations to the record, however, is each witness' compelling identification of defendant as the shooter. In

---

[2] At the time of the murder, the witness used the name Melendez-Rodriguez, however while testifying, she stated that Rodriguez was her married name but "[r]ight now I used Melendez."

6

particular, Melendez testified that she saw the victim lying on the floor and the defendant "shot him in the back three times." Luque testified that he saw defendant shoot the victim "one more time in the back . . . then he kick[ed] him in the head." Alfonso corroborated both accounts, testifying that defendant "shot another, uh, shot, on his back."

Indeed, the PCR judge astutely rejected defendant's claim, giving due deference to counsel's trial strategy. Citing State v. Marshall, 148 N.J. 89, 157 (1997), the judge recognized her evaluation of an ineffective assistance of counsel claim "must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" Referencing the trial transcripts, the judge observed:

> [D]efense counsel not only attacked the credibility of the [S]tate's witnesses, including Detective DeMaio, but also reiterated the fact that there were contradictions and inconsistencies in the testimonies of these witnesses during summation. He tells the jury that they cannot rely on what the witnesses say because, "everybody's got a different story." Defense counsel discusses the different accounts of what time the incident occurred, the fact that several witnesses said that they stayed with the victim but were not there when EMS arrived, and also the three different heights of the suspects given to detectives and reflected in the testimony of Ms. Rodriguez.

Here, the trial record supports a specifically designed strategy to highlight the inconsistencies in the witnesses' statements. While that strategy was not successful, its failure does not give rise to ineffective assistance of counsel. State v. Bey, 161 N.J. 233, 251 (1999) ("Merely because a trial strategy fails does not mean that counsel was ineffective.").

We also reject defendant's belated claim that trial counsel was ineffective for failing to honor defendant's desire to testify on his own behalf at trial, and that disposition of this claim warrants a hearing "for supplementation of the record." Specifically, PCR counsel advised the court at oral argument that

> I actually do have one additional argument to make
> . . . . [Defendant] just told me today that he wanted to
> testify, that's the new argument. His attorney would not
> let him testify.

Because this claim was raised for the first time at oral argument before the PCR judge, it is procedurally defective. R. 3:22-10(c); State v. Jones, 219 N.J. 298, 312 (2014) (recognizing Rule 3:22-10(c) "require[s] that factual assertions in a petition for [PCR] be made by affidavit or certification in order to secure an evidentiary hearing."). No such sworn statement was provided to the PCR court, here. As such, we find no fault in the PCR judge's omission of defendant's newly-minted claim in her written decision.

Nevertheless, for the sake of completeness, we briefly address the merits of defendant's claim and find it is belied by the record. Specifically, the court's colloquy with defendant at the close of the State's evidence clearly establishes defendant understood he had the right to testify, had discussed that right with counsel, and that he understood it was his decision whether or not he should testify. Ultimately, when asked by the judge whether he wished to testify, defendant politely responded, "No, sir." Accordingly, we find defendant's eleventh-hour, bald assertion that counsel would not let him testify to be contrary to the record and insufficient to trigger an evidentiary hearing. Jones, 219 N.J. at 311-12.

We are satisfied from our review of the record that defendant failed to demonstrate a prima facie showing of ineffectiveness of trial counsel under the Strickland/Fritz test. We, therefore, discern no abuse of discretion in the denial of defendant's PCR petition. The PCR judge correctly concluded an evidentiary hearing was not warranted. See Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION